## JOHN ANDERSON v. THE STATE.

1. ASSAULT WITH INTENT TO MURDER.—The intention of the accused at the time of the assault is a material inquiry for the jury in the trial of an assault with intent to murder, and is determinable by the jury from the evidence, under instructions from the court defining murder and the malice, express or implied, necessary to make the assault an assault with intent to murder; and a failure of the court to give such instructions, whether asked or not, is error.

2. SELF-DEFENSE.—The right of self-defense exists as well when serious bodily injury is threatened, and the danger is imminent and pressing, as when life itself is menaced; and a charge of the court is erroneous if it limits the right of self-defense to the latter condition, when, under the evidence, the jury might conclude that, though the life of the accused was not imperiled, he was in imminent danger of serious bodily injury.

3. MODIFICATION OF REQUESTED CHARGES.—The Code of Criminal Procedure authorizes the judge presiding at a criminal trial to modify a requested instruction to the jury, provided the modification be clearly expressed in writing. Pasc. Dig., Art. 3061.

APPEAL from the District Court of Burleson. Tried below before the Hon. SPENCER FORD.

The jury found the appellant guilty of an assault with intent to murder, and assessed his punishment at two years in the penitentiary.

*G. R. Scott*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WINKLER, J. The appellant was indicted, tried, and convicted in the district court of Burleson county for an assault with intent to kill and murder one Richardson, alleged to have been committed in the county of Burleson on the 11th day of April, A. D. 1874. A motion for new trial was overruled, and an appeal taken.

The motion for a new trial and the assignment of errors

embrace substantially the same propositions, namely: the correctness of the charges of the court to the jury, and the sufficiency of the evidence to support the verdict. We deem it unnecessary to discuss but one of these subjects, to wit, the charges of the court.

In order to sustain a conviction of an assault with intent to murder, as charged in the indictment, it became necessary that such state of case should have been shown as that, if death had resulted from the acts of the accused on that particular occasion, the killing would have been murder, agreeably to Article 499 of the Penal Code, which provides that an assault with intent to commit any other offense is constituted by the existence of the facts which bring the offense within the definition of an assault, coupled with an intention to commit such other offense. Pasc. Dig., Art. 2161. Or, as stated in Article 497 of the Penal Code, "Whenever it appears, upon a trial for assault with intent to murder, that the offense would have been murder if death resulted therefrom, the person committing such assault is deemed to have done the same with that intent." Pasc. Dig., Art. 2159.

The guilt of the accused is to be determined by his intention at the time of committing the act. If that intention was to murder the party assailed, he would be guilty of an assault with intent to murder, but if the act was not committed with that intention, he could not be convicted of an assault with intent to murder; though he could have been convicted of an aggravated assault, or a simple assault, or an aggravated assault and battery, or a simple assault and battery, according as the testimony warranted, under the same indictment, and punished accordingly.

But as to the law governing a trial of one accused of having committed an assault with intent to murder, the intention with which the assault is made is an important inquiry. This intention must be determined by the jury

from the evidence.    That the jury may apply the evidence, it is indispensable that they should be correctly informed as to the law, or rules of law, by which they were to be governed in applying the evidence to the case.    In all criminal trials, whilst the juries are the exclusive judges of the facts, they are not the judges of the law in any case; on the contrary, they are bound to receive the law from the court, and be governed thereby.    Pasc. Dig., Art. 3058.    And the law imposes upon the judge, in all cases of felony, to give written instructions to the jury, whether asked so to do or not, in which he shall distinctly set forth the law applicable to the case.    Pasc. Dig., Art. 3059.

With reference to the present case, it became a material inquiry for the jury to ascertain from the evidence the intention of the accused with which the assault was made. It became necessary that the court should have instructed them what acts would constitute murder, and, as there can be no murder without malice, they should have been informed as to the meaning of the term malice, and the means by which its existence was to be established.    In other words, the judge, in charging the jury, should have defined murder; in doing which he would have included a definition of malice.    And the Penal Code having provided that, "except when a word, term, or phrase is specially defined, all the words used in this Code are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed" (Pasc. Dig., Art. 1630), it would be sufficient to give to the term malice the signification given to it in common use, defined by Mr. Bouvier, as applied to criminal law, to be "a wicked intention to do an injury," and by Mr. Webster, "extreme enmity of heart, or malevolence; a disposition to injure others without cause, from mere personal gratification, or from a spirit of revenge; unprovoked malignity or spite."

Malice may be either express or implied. What is meant by the term express malice may be readily determined from the examples given in Article 608 of the Penal Code (Pasc. Dig., Art. 2267), and the notes thereto. In trials for assault with intent to murder it is not necessary to notice the distinction between express and implied malice, as either would be sufficient. These are safeguards provided by law for the protection of persons accused of the class of crimes. to which they apply, and are made available in individual cases by instructions to the jury, to be so modified as to apply to the particular case as developed by the evidence, and thus becoming in that instance the law applicable to the case.

A failure on the part of the court to give suitable instructions on this subject deprived the accused of a clear legal right, sufficiently important as that it is not to be inferred that it was waived by the accused.

The charges of the court on the subject of simple assault. and aggravated assault, as applied to the evidence, were in the main correct. In the charge as to the acts and intentions of the party assailed, the judge should have gone further, and added to the expression, "that it was his purpose and intent to take the life of the defendant," the idea, "or to do him some serious bodily injury," on the ground that one may stand on his defense not only where his life may be seriously threatened, but he may do so when the infliction of serious bodily injury is threatened, and the danger is imminent and pressing.

We see no substantial error in refusing the charge asked by the accused, or in modifying the one given. It is the privilege of the judge to modify a charge he may be requested to give in a criminal case, specially given by Article 596 of the Code of Criminal Procedure (Pasc. Dig., Art. 3061); yet it would have been preferable to have instructed the jury agreeably to Article 640 (Pasc.

Dig., Art. 3105), which, it is believed, contains an epitome of the whole law on the subject of the presumption of innocence, the conclusiveness of the evidence to warrant conviction, and reasonable doubt. From what has been said, the intelligence of the judge will enable him, on another trial, to give in charge to the jury the law applicable to the case. Because this was omitted on the former trial the judgment is reversed and the cause remanded.

*Reversed and remanded.*